No. 23-10616

# United States Court of Appeals
## *for the*
## Eleventh Circuit

---

LEROY PERNELL, DANA THOMPSON DORSEY, SHARON WRIGHT AUSTIN, SHELLEY PARK, JENNIFER SANDOVAL, et al.,

*Plaintiffs-Appellees,*

– v. –

FLORIDA BOARD OF GOVERNORS OF THE STATE UNIVERSITY, et al.,

*Defendants,*

ROBERT ALEXANDER ANDRADE, MELONY BELL, DAVID BORRERO, JUAN FERNANDEZ-BARQUIN, RANDY FINE, et al.,

*Interested Parties-Appellants.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA, IN NO. 4:22-CV-00304-MW-MAF
(HONORABLE MARK E. WALKER, CHIEF U.S. DISTRICT COURT JUDGE)

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF ON BEHALF OF CIVIL RIGHTS ORGANIZATIONS IN SUPPORT OF PETITIONERS-APPELLEES' PETITION FOR REHEARING EN BANC**

L. NICOLE ALLAN
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, C.A. 94111
(415) 984-8700
nallan@omm.com

HANA STODDER
O'MELVENY & MYERS LLP
400 South Hope St., 18th Floor
Los Angeles, C.A. 90071
(213) 430-6000
hstodder@omm.com

MEAGHAN VERGOW
*Counsel of Record*
O'MELVENY & MYERS LLP
1625 Eye St., N.W.
Washington, D.C. 20006
(202) 383-5300
mvergow@omm.com

*Attorneys for Amici Curiae*

CP COUNSEL PRESS　(213) 680-2300

*Pernell v. Fla. Bd. of Governors of the State Univ.*, No. 23-10616

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Rules 26.1-1 through 26.1-3 and 28-1(b) of the Rules of the United States Court of Appeals for the Eleventh Circuit, undersigned counsel for *amici curiae* certifies that the Certificate of Interested Persons ("CIP") set forth in the Petition for Rehearing En Banc of Petitioners-Appellees LeRoy Pernell, et al. (Nov. 20, 2023) is correct and complete, subject to the amendments of any other *amici* who have filed CIPs since that time and subject to the following additions:

<u>*Amici Curiae*</u>:

1. American Oversight
2. Asian Americans Advancing Justice - AAJC
3. Common Cause
4. LatinoJustice PRLDEF
5. League of Women Voters of the United States

<u>Counsel for *Amici Curiae*</u>:

1. Allan, L. Nicole
2. Stodder, Hana
3. VerGow, Meaghan

Undersigned counsel for *amici curiae* further certifies that no *amici* nor counsel for *amici* has a parent corporation, and no company owns a 10 percent or greater ownership interest in *amici* nor counsel for *amici*.

C-1 of 2

*Pernell v. Fla. Bd. of Governors of the State Univ.*, No. 23-10616

Pursuant to Rule 26.1-1(b) of the Rules of the United States Court of Appeals for the Eleventh Circuit, the undersigned certifies that the above information will be entered into the web-based CIP, indicating that there is nothing to declare.

/s/ *Meaghan VerGow*
Meaghan VerGow

Pursuant to 11th Cir. R. 35-8, American Oversight, Asian Americans Advancing Justice - AAJC, Common Cause, LatinoJustice PRLDEF, and the League of Women Voters of the United States move for this Court to grant leave to file the accompanying proposed *amicus curiae* brief in support of Petitioners-Appellees Leroy Pernell, et al.

## INTEREST OF AMICI

*Amici* comprise a group of organizations whose work involves advocating for various civil rights causes, including racial equity, educational opportunity, academic freedom in higher education, government transparency, and voting rights. Their experience and knowledge in civil rights advocacy make them well suited to advise on the ramifications of applying an overbroad legislative privilege in cases asserting constitutional violations by legislative actors. This brief offers insight into the history of Section 1983, the important role it plays in challenging constitutional violations by state legislative bodies, and how those challenges will be impacted if the panel majority's opinion remains in effect.

As the brief explains, Congress passed Section 1983 to specifically address civil rights violations by state actors in the wake of the Civil War. Since its enactment, the statute has served as a vital tool for redressing a host of intentional-discrimination claims, including challenges to racial and religious discrimination. As organizations concerned with protecting individual rights, *amici* seek to provide

the Court with historical information that illustrates how the use of Section 1983 to address legislative discrimination was intended by the Congress that enacted this critical civil rights statute.

## DESIRABILITY AND RELEVANCE OF THE BRIEF

This brief is desirable and relevant because it provides historical context that undermines the conclusion, adopted by the panel majority, that Section 1983 actions can never be exempted from the application of legislative privilege. *See Pernell v. Fla. Bd. of Governors of State Univ.*, 84 F.4th 1339, 1344 (11th Cir. 2023). This amicus brief explains that Section 1983 was drafted as a mechanism for lawsuits "where important federal interests are at stake," *United States v. Gillock*, 445 U.S. 360, 373 (1980), and has been used that way ever since. Through a survey of the history surrounding Section 1983's enactment and the statute's role in keystone civil rights litigation, the brief provides background that raises serious doubts about the panel majority's conclusion that legislative privilege is "insurmountable in private civil actions under section 1983." *Pernell*, 84 F.4th at 1344.

## CONCLUSION

*Amici* demonstrate why legislative privilege should not be "insurmountable" in Section 1983 cases. *Id*. They offer history, arguments, and case law responsive to a key issue in this case—whether the "important federal interests" at stake

2

suffice to extend *Gillock*'s exception to legislative privilege. And they show that the panel majority's decision to foreclose an entire category of potential evidence in Section 1983 suits could significantly hinder important civil rights litigation. Accordingly, *amici* seek leave of this Court to file their brief.

Respectfully submitted,

/s/ *Meaghan VerGow*
MEAGHAN VERGOW
*Counsel of Record*
O'MELVENY & MYERS LLP
1625 Eye St., N.W.
Washington, D.C. 20006
(202) 383-5300
mvergow@omm.com

L. NICOLE ALLAN
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, C.A. 94111
(415) 984-8700
nallan@omm.com

HANA STODDER
O'Melveny & Myers LLP
400 South Hope Street, 18th Floor
Los Angeles, C.A. 90071
(213) 430-6000
hstodder@omm.com

*Attorneys for Amici Curiae*

## CERTIFICATE OF COMPLIANCE

This motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), the motion contains 469 words.

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Times New Roman 14 point font.

/s/ *Meaghan VerGow*
Meaghan VerGow

4

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Court's CM-ECF system on November 27, 2023. Service will be effectuated by the Court's electronic notification system upon all parties and counsel of record.

/s/ *Meaghan VerGow*
Meaghan VerGow